ORDER
PER CURIAM.
The amended order of the trial court is reversed and subsections 479.105(1) and (3), Florida Statutes (Supp.1984), are declared to be constitutional both on their face and as applied to appellees. An opinion of this Court will follow.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, MCDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
OPINION
ALDERMAN, Justice.
The Circuit Court of the Second Judicial Circuit in its amended order held subsections 479.105(1) and (3), Florida Statutes (Supp.1984), to be unconstitutional. The First District Court of Appeal certified the trial court’s order to this Court as involving an issue of great public importance requiring immediate resolution. We have jurisdiction pursuant to article V, section 3(b)(5), Florida Constitution. We reverse the order of the trial court and hold subsections 479.-105(1) and (3), Florida Statutes (Supp.1984), constitutional both on their face and as applied to appellees.*
*1272 During July and August of 1984, appel-lees illegally constructed outdoor advertising signs adjacent to Interstate 10 without first obtaining the permits required by section 479.07, Florida Statutes (Supp.1984). In August of that same year, the Department of Transportation notified appellees that these signs were in an unpermitted zone, in violation of section 479.11(1), Florida Statutes (1983), and were constructed without the requisite sign permits, in violation of section 479.07(1), Florida Statutes (Supp.1984). Appellees then requested a hearing pursuant to chapter 120. On January 4, 1985, the Department posted the sign faces with a notice pursuant to section 479.105(l)(a), Florida Statutes (Supp.1984), stating that the signs were illegal and would be removed thirty days after posting, notwithstanding the pendency of the administrative hearings. The Department also provided written notice to appellees. An administrative hearing was held on January 15, 1985, and an order recommending removal of the unpermitted signs was issued on March 27, 1985. Appellees then filed a complaint in the circuit court for injunctive and declaratory relief challenging the validity of section 479.105, Florida Statutes (Supp.1984), which allows the removal of illegal advertising signs even if an administrative hearing had been requested.
The trial court, in its amended order, held that subsections (1) and (3) of section 479.105 on their face and as applied to appellees violate article I, section 9, because “these subsections deny them an opportunity to be heard and the right to an orderly determination of whether appellees’ signs are properly subject to being removed under reasonable police regulations prior to the summary removal thereof, in that they contemplate and authorize removal based solely upon the determination of DOT enforcement personnel that the signs are not permitted under the applicable provisions of chapter 479, notwithstanding the pendency of section 120.57 proceedings upon such issues.” The Department appealed to the First District Court of Appeal which then certified the trial court’s order to this Court.
Appellees argue that subsections 479.-105(1) and (3), Florida Statutes (Supp.1984), violate the due process clause of the United States and Florida Constitutions because they do not provide an opportunity to be heard prior to a destruction of their signs even if a hearing is pending under chapter 120. The Department responds that in order to partake of the constitutional protection afforded under procedural due process, it must first be established that a protectible property interest exists. The Department further argues that appellees do not have such a protectible property interest in this case. We agree with the Department.
In this case, there is no property right involved when the government seeks to remove an unlawful outdoor advertising sign erected in disregard of the established scheme of securing permits for such structures. Chapter 479 sets forth the procedure by which the Department grants sign permits. Appellees never applied for a permit nor did they comply with the statutory requirements to have a permit issued. Rather, appellees simply erected the signs and knowingly violated the law. A protec-tible property interest does not arise in this case from a knowing violation of the law. Consequently, we find it unnecessary to discuss the requirements of procedural due process when the appellees do not have a protectible property interest in the first place.
Accordingly, we reverse the order of the trial court and remand this case for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.

 On May 10, 1985, this Court entered an order declaring these subsections constitutional with *1272 an opinion to follow.