[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10189

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 12, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00291 CV-T-MSS

BRYAN MEDIA, INC.,
a Florida corporation,

Plaintiff-Appellant,

versus

CITY OF ST. PETERSBURG,
a municipal corporation,
RON BARTON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 12, 2008)**

Before ANDERSON, BARKETT and HILL, Circuit Judges.

PER CURIAM:

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed. With respect to plaintiff's due process and taking claims, we conclude, applying Florida law, that plaintiff had no property interest because it had no permit for the signs. See Dep't of Transp. v. Durden, 471 So.2d 1271 (Fla. 1985). We do not believe that plaintiff's estoppel argument can give rise to a property interest. Plaintiff cannot satisfy the exceptional circumstances required to apply estoppel against a governmental party. Plaintiff has adduced no evidence that the city's actions rose above the level of mere negligence, at most. Nor has plaintiff adduced evidence of a serious injustice. Finally, we believe that the application of estoppel against the government in this case would give rise to undue harm to the public interest.

We believe that plaintiff's retaliation claim fails because plaintiff has failed to adduce evidence of retaliatory actions by defendants. Rather, citations issued against the plaintiff were issued because plaintiff was in violation of the permitting laws, and there is no evidence that plaintiff was treated differently from others similar situated.

Plaintiff's selective enforcement claims (both federal and state) fail because there is no evidence that plaintiff was targeted or singled out. With respect to the January 2004 removal of plaintiff's sign, the evidence indicates that only plaintiff's

2

sign was blocking the imminent construction work undertaken by the city's contractor.  With respect to the six citations for violations issued to plaintiff, the evidence indicates that <u>all</u> signs in the park area were investigated, and that citations were also issued with respect to <u>all</u> other violators.  Moreover, we agree with the court below that plaintiff failed to adduce evidence of invidious motivation.

Plaintiff's other state law claims are rejected without need for further discussion.

AFFIRMED.